

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Thomas J. Young Sr. v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1789

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas J. Young Sr. v. Comm Social Security" (2009). *2009 Decisions.* Paper 1663.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1663

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1789

———————

THOMAS JR. YOUNG, Sr.,
                                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 06-cv-02539)
District Judge:  The Honorable Thomas M. Golden

———————

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2009

———————

Before: BARRY, WEIS, and ROTH, Circuit Judges

(Opinion Filed: March 27, 2009)

———————

OPINION

———————

BARRY, Circuit Judge

        Thomas J. Young appeals the District Court's decision upholding the

Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income. We will affirm.

## I.

Because we write only for the parties, we recite only those facts that are relevant to our analysis. Young applied for social security benefits on April 28, 2004, when he was forty-six years old, alleging an inability to work due to depression and addictions to cocaine and alcohol. After Young's application was initially denied, a hearing was held before an Administrative Law Judge ("ALJ") and testimony taken from Young and a vocational expert ("VE"). On March 16, 2006, the ALJ issued a decision evaluating Young's claim pursuant to the five-step sequential analysis in 20 C.F.R. §§ 404.1520(a) and 416.920(a) and denying benefits. On April 27, 2006, the Appeals Council denied Young's request for review.

Young appealed to the District Court pursuant to 42 U.S.C. § 405(g). The matter was referred to a United States Magistrate Judge, who reviewed the administrative record and heard argument on April 13, 2007. On September 19, 2007, the Magistrate Judge issued a Report and Recommendation ("R&R"), finding that the Commissioner's decision was procedurally sound and supported by substantial evidence. Over Young's objections, the District Court adopted the R&R, granted the Commissioner's motion for summary judgment, and upheld the Commissioner's final determination.

Young now argues that: (1) his claimed impairments meet the Listing for

Affective Disorders as set forth in 20 C.F.R. pt. 404, subpt. P, App. 1, 12.04; (2) the ALJ's hypothetical question to the VE did not account for the full range of claimed impairments; and (3) the ALJ failed to complete the requisite psychiatric review technique form ("PTRF").

## II.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction pursuant to 28 U.S.C. § 1291. As did the District Court, we review the ALJ's application of law *de novo*, and we review the ALJ's factual findings for substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

### A. Step Three: Whether Claimant Meets a Listing of Impairment

Young first contends that he meets step three of the analysis because, in contrast to the ALJ's conclusion, his impairments meet or equal section 12.04 (affective disorders) of the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. We disagree.

A claimant bears the burden of establishing that his or her impairment meets or equals a listed impairment. *Poulos v. Comm'r of Soc. Sec'y*, 474 F.3d 88, 92 (3d Cir.

2007). In assessing Listing 12.04 in this case, we need only consider whether Young

satisfies two of the following Paragraph B criteria:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(B). [1]

The ALJ found that Young's mental impairments caused no marked limitations in

functioning after he became sober in 2004 and, thus, that his depression and history of

substance abuse did not meet or equal the criteria of Listing 12.04(B). The District Court

found substantial evidence in the record to support this conclusion.

Young refers to his own testimony before the ALJ, in which he described himself

as a recluse who seldom leaves his room at a shelter and explained that his depression

was exacerbated by several painful physical ailments. However, Young fails to buttress

his self-reporting with adequate objective medical evidence of impairment. *See* 20 C.F.R.

§§ 414.128, 414.129, 416.928, 416.929. The medical evidence in the record is

inconsistent, at best. Young relies primarily on outdated records compiled while he was

suffering from substance abuse, diagnoses of physical rather than medical conditions, and

the brief, unsupported opinion of a non-treating physician on a welfare disability form.

While it is not our place to weigh countervailing evidence, we note other record evidence

---

[1] The Commissioner does not dispute that Young meets the criteria set forth in Paragraph A. (Commissioner's Br. 24.) Young does not challenge the ALJ's finding as to the criteria set forth in Paragraph C. (App. 14.)

that Young's disability was temporary, that his condition had improved since he became sober and caused only mild-to-moderate work and lifestyle restrictions, and that he is able to take care of himself and engage regularly with both treating professionals and his family.

Thus, we will affirm the Court's well-reasoned conclusion that substantial evidence supported the ALJ's step three assessment.

## B.  Step Five:  The ALJ's Hypothetical Question

Young next argues that the ALJ posed a hypothetical question to the vocational expert that did not reflect all of his impairments.  He is incorrect.  A hypothetical question posed to a vocational expert "must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  There is no evidence in the record to support a specific mental or physical limitation beyond the restriction to simple, routine work at the light exertional level. Thus, the ALJ was not required to present Young's limitations with greater specificity. *See Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002) (finding that the question posed to the vocational expert must include impairments supported by "medically undisputed evidence in the record").

## C.  The Lack of a PRTF

Finally, we agree with the District Court that, under current regulations, an ALJ is not required to complete a PRTF. *See* 20 C.F.R. §§ 404.1520a(e) & 416.920a(e).

**IV.**

For the reasons set forth above, we will affirm the decision of the District Court affirming the decision of the Commissioner.